*thing* assess an amount if an appeal is filed or until the time for appeal has expired." Such an appeal, however, must be predicated upon the notice required by subdivision (a) and can not exist without such notice because another notice is sent, not under subdivision (a), but deliberately and expressly to advise the taxpayer that assessment is made under subdivision (d). In such a case the procedure does not arise from subdivision (a), and the only right to appeal is found in section 279 (b), which provides that the taxpayer may appeal from the Commissioner's denial of the abatement claim. The taxpayer has his day before the Board upon the merits of his tax liability, such appeal merely being postponed until the Commissioner has himself examined the merits; and the revenue is protected in a situation where the Commissioner has reason to believe the usual course inadequate.

The decision of this Board in the *Appeal of Wallach & Mayer, Inc.*, 1 B. T. A. 316, was made under certain misapprehensions. After its rendition the parties agreed that the facts therein did not bring it within the *California Raisin* decision and consented to a dismissal of the appeal. The *Wallach & Mayer* decision will, therefore, not be hereafter regarded as authority.

The motion of the Commissioner is granted, and the appeal is dismissed.

---

Appeal of **CLINTON GRAHAM.**	Docket No. 1182.

Submitted February 26, 1925; decided March 16, 1925.

*Russell W. Burchard, Esq.*, for the taxpayer.
*James T. Dortch*, and *Arthur J. Seaton, Esqs.*, for the Commissioner.

Before HAMEL, JAMES, and STERNHAGEN.

This appeal was submitted on oral evidence taken on February 16, 1925, before a member of the Board in New York City. The appeal involves income taxes for the years 1919 to 1922, inclusive, the amount of the deficiency asserted by the Commissioner being $1,079.94.

### FINDINGS OF FACT.

The taxpayer was, during the years in question, a partner of the firm of Robert P. Marshall & Co., stockbrokers, one member of which partnership, not the taxpayer herein, was a member of the New York Stock Exchange.

During the years in question, the taxpayer bought and sold certain securities upon his own account and separately from the business of Robert P. Marshall & Co. For that purpose he carried an account with the partnership, in which account were set forth the transactions so carried on by him. He did not account to the partnership for the profits or losses on such transactions, they being in all respects personal.

The taxpayer has submitted a statement showing his alleged inventory loss on account of securities purchased and held as of

the close of the years 1919, 1920, 1921, and 1922. This statement shows 3,861 shares of various stocks held at the close of 1920; 900 at the close of 1921, and 700 at the close of 1922.

During the month of August, 1920, the taxpayer was driving with his wife toward New Rochelle, N. Y., in an open car. It was raining, and he stopped near the curb to adjust the top of the automobile. After it was adjusted, he reentered the car, but while it was still standing, a truck driving through the rain, the driver of which apparently did not see the car, crashed into it; demolished it and seriously injured the taxpayer's wife. The taxpayer claimed a loss on account of this accident in the sum of $4,099, being $2,000 for the automobile; $245 for clothing; and $1,854 for hospital expenses.

The taxpayer subsequently secured reimbursement from the insurer of the truck in the sum of approximately $3,000. The original cost of the car was $1,800 in 1918, and the taxpayer testified that it cost approximately $2,200 to repair it in 1920.

### DECISION.

The determination of the Commissioner is approved.

---

**Appeal of J. W. SOLOF.**                    **Docket No. 482.**

> From the evidence submitted, *held*, that stock received as part consideration upon a sale of real estate had a readily realizable market value in excess of the amount determined by the Commissioner.
>
> A sum charged by a bank for making a loan which was included in a promissory note for the amount borrowed, and which was not paid within the year, was not a proper deduction from gross income, since the taxpayer kept his books and rendered his return on a cash receipts and disbursements basis.
>
> Taxpayer made application to a banking institution of Charleston, W. Va., to finance him in the construction of a building on land which he owned. The bank, in order to avoid State, county, and city taxes, agreed to advance the amount of money desired for the construction of such building, and for other purposes, provided he would form a corporation and have the preferred stock issued to himself; transfer the same to the bank and personally guarantee payment of the principal, together with the dividends on the stock, according to its tenor, by pledging to the bank certain real and personal property of a value in excess of the par value of the stock. The amount received by taxpayer was $7,500 less than the par value of the stock transferred, that sum being the amount of the commission charged by the bank for handling the transaction. *Held*, that the transaction while in form a sale was in reality a loan to taxpayer, and the amount received did not constitute income. The $7,500 commission was not a legal deduction from income in 1921 since that sum was not paid within the year.

Submitted January 16, 1925; decided March 16, 1925.

*D. C. Howard, Esq.*, for the taxpayer.

*A. Calder Mackay, Esq.*, for the Commissioner.